Jason L. Solotaroff
GISKAN SOLOTAROFF ANDERSON & STEWART LLP
11 Broadway, Suite 2150
New York, New York 10004
(212) 847-8315

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-----------------------------------------------------------x

MARISA B. MOSS,                                        :

               Plaintiff,                          :

                           :

               v.                                 :

BANC OF AMERICA SECURITIES LLC,                        :

                           :

               Defendant.                          :

-----------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.    Plaintiff, Marisa B. Moss, a former senior corporate bond analyst for Defendant Banc of America Securities LLC ("Banc of America"), brings this diversity action alleging sex discrimination and retaliation in violation of the New York City Human Rights Law.

2.    At the time of Ms. Moss' termination, she was the only female of the nine senior analysts in Banc of America's investment grade department. She was paid significantly less than her male counterparts and was consistently denied opportunities, routinely granted to the male analysts, to take on additional responsibilities and areas of research. Approximately two weeks before her termination, Ms. Moss complained to the head of her department that she

was being treated less favorably than her male colleagues and was, in fact, paid only slightly more than male junior analysts who were significantly less qualified.

3.    On February 27, 2009, Banc of America terminated a number of employees as part of a reduction in force.  Of the nine senior analysts in the investment grade research group, only Ms. Moss, the only female analyst and the only analyst who had complained of discrimination, was selected for termination.

4.    As a result of Banc of America's discriminatory and unlawful conduct, Ms. Moss has suffered economic damages and extreme emotional distress.

## JURISDICTION AND VENUE

5.    This Complaint is filed and these proceedings are instituted under the diversity jurisdiction of this Court, 28 U.S.C. §1332, as the matter in controversy exceeds $75,000 and the parties are citizens of different states.

6.    Venue is properly before this Court pursuant to 28 U.S.C. §1391(a) as a substantial part of the events giving rise to the claim occurred in this district.

## THE PARTIES

7.    Plaintiff Marisa B. Moss is domiciled in, and a citizen of, New York.

8.    Defendant Banc of America is a limited liability corporation incorporated under the laws of Delaware, with its principal place of business in Charlotte, North Carolina.

## THE FACTS

9.    After receiving her M.B.A. from Duke University in 2003, Ms. Moss was hired to work in Banc of America's high yield department.  After completing standard rotations through the high yield research, high yield sales, and high yield trading groups, in 2005 she was

assigned to work in the high yield research department as a junior analyst, assisting a senior analyst who covered companies in the automotive sectors.

10.     In December 2006, Ms. Moss was promoted to Senior Analyst. In February 2007, she was promoted to Vice President.

11.     At Banc of America, Senior Analysts are assigned certain sectors of the economy to research, and then generate research reports and recommendations about the debt securities of companies within those sectors and specific transactions involving those securities. Senior Analysts are paired with, and work closely with, traders who are also assigned those sectors. Compensation of Senior Analysts is based, in part, on the performance of their trading counterpart. For this reason, it is advantageous for Senior Analysts to be assigned a large sector or multiple smaller sectors.

12.     Greg Ransom, Ms. Moss' supervisor at the time, originally assigned Ms. Moss to cover trucking and railroad companies, a relatively small sector.  Mr. Ransom told Ms. Moss that she would be assigned additional sectors in the near future.

13.     In August 2007, Mr. Ransom was replaced as head of research in the investment grade department by Dennis Coleman.

14.     Mr. Coleman soon began treating Ms. Moss differently than the other senior analysts, all but one of whom were male.  In December 2007, Mr. Coleman rejected Ms. Moss' request for a junior analyst to be assigned to assist her.  Similarly, Mr. Coleman refused to assign a junior analyst to the other female senior analyst, Beth Slade.  Ms. Moss and Ms. Slade were the only senior analysts who did not have junior analysts assigned to them.

15.     In January 2008, Ms. Moss learned that Mr. Coleman intended to replace Ms. Slade as the senior analyst covering the Basics sector. The Basics sector includes chemical, metals and mining, paper and packaging, and building materials companies.

16.     Ms. Moss asked Mr. Coleman to assign her the Basics sector. In addition, the traders who worked in the Basics sector supported Ms. Moss being assigned the sector. Yet, Mr. Coleman told Ms. Moss that he would assign her the chemical companies then and would assign her the other parts of the sector at a later time.

17.     In May of 2008, Mr. Coleman informed Ms. Moss that he would not, after all, assign her the other parts of the Basics sector and instead hired a male senior analyst, Dan Volpi, to cover the Basics sector. Ms. Slade was demoted to a junior analyst position.

18.     In June 2008, Ms. Moss asked Mr. Coleman to assign her the Homebuilders sector, a relatively small sector that was not covered by a senior analyst at that time. Ms. Moss had learned that the investment grade trader handling homebuilders was frustrated that no analyst was assigned to it. Mr. Coleman refused to assign the sector to Ms. Moss.

19.     In August 2008, the senior analyst covering the financial services sector resigned and Ms. Moss asked for the sector to be assigned to her. Mr. Coleman refused and instead hired a male senior analyst to cover financial services.

20.     In January 2009, the senior analyst covering the technology sector left Banc of America. Ms. Moss requested that the sector be assigned to her, but Mr. Coleman refused and instead assigned it to a male senior analyst.

21.     Despite being denied additional responsibilities, Ms. Moss' performance was more than satisfactory. The trader with whom Ms. Moss worked, Sean George, consistently

praised her work and credited her with trade ideas that had resulted in tens of millions of dollars in profits to Banc of America.

22.     However, in January 2009, Mr. Coleman informed Ms. Moss that she would only receive a $15,000 bonus and total compensation of $130,000.  This was hundreds of thousands less than the compensation paid to the other senior analysts, all of whom, at this time, were male, and was roughly comparable with what male junior analysts were paid.

23.     On February 11, 2009, Ms. Moss complained to Michael Maras, the head of research and Mr. Coleman's supervisor, about Mr. Coleman's unfair treatment of her.  Ms. Moss specifically told Mr. Maras that she believed Mr. Coleman treated her less favorably than the other male senior analysts in that she was assigned fewer and smaller sectors to cover and was being paid significantly less.

24.     On February 26, 2009, Ms. Moss' employment was terminated, allegedly as part of a reduction in force. However, Ms. Moss, the only female senior analyst at that time and, on information and belief, the only senior analyst who had complained about discrimination, was, on information and belief, the only employee in Banc of America's debt research departments who was terminated at that time.

25.     As a result of Defendant's discrimination and retaliation against Plaintiff, Plaintiff has suffered economic damages and severe emotional distress.

## CLAIM FOR RELIEF

26.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

27.    Defendants discriminated and retaliated against Plaintiff in the terms, conditions and privileges of employment on account of her sex and her opposition to sexual discrimination and harassment, in violation of New York City Administrative Code §8-107.

**WHEREFORE**, Plaintiff demands judgment:

A.    Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

B.    Awarding Plaintiff punitive damages;

C.    Awarding reasonable attorneys' fees, costs and expenses;

D.    Granting such other legal and equitable relief as the Court may deem just and equitable.

Dated:    New York, New York
          August 7, 2009


                        GISKAN SOLOTAROFF ANDERSON
                        & STEWART LLP

              By:    _____
                     Jason L. Solotaroff (JS-5739)
                     11 Broadway, Suite 2150
                     New York, New York 10004
                     212-847-8315

                     ATTORNEYS FOR PLAINTIFF

<u>JURY DEMAND</u>

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: New York, New York
       August 7, 2009

                        GISKAN SOLOTAROFF ANDERSON
                        & STEWART LLP

            By:         _____
                        Jason L. Solotaroff (JS-5739)
                        11 Broadway, Suite 2150
                        New York, New York 10004
                        212-847-8315

                        ATTORNEYS FOR PLAINTIFF